**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHAMORA IVERY, and NOAH SIEBENALLER, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | **Case No.:  1:17-cv-1619** |
| v. | ) ) | |
| RMH FRANCHISE CORP., RMH ILLINOIS, LLC, and RMH FRANCHISE HOLDINGS, INC., | ) ) ) ) | **Jury Trial Demanded** |
| Defendants. | ) ) ) | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Chamora Ivery and Noah Siebenaller ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned counsel of record, allege, upon personal knowledge as to themselves and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.  This lawsuit seeks to recover unpaid overtime compensation for Plaintiffs and their similarly situated co-workers, who work or have worked for Defendants, RMH Franchise Corp. ("RMH FC"), RMH Illinois, LLC ("RMH IL"), and RMH Franchise Holdings, Inc. ("RMH FH") (collectively, "RMH" or "Defendants") in the United States as exempt-classified Assistant Managers, including Kitchen Managers and Front-of-the-House Managers (collectively, "AMs").

2.  RMH is an Applebee's restaurant franchisee with over 175 standardized restaurants located throughout the United States.

3.      According to the official company website, http://www.rmhfranchise.com /about-us/ (last visited February 14, 2017), RMH employs over 7,000 people.

4.      RMH is organized between the "Front-of-House," which focuses on customer service, and the "Back-of-House," which focuses on food preparation.  Employees may work in both "Front-of-House" and "Back-of-House," regardless of job title, depending on the needs of the restaurant.

5.      RMH classifies all AMs as exempt from the overtime pay provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

6.      Regardless of the number of hours worked, RMH does not pay AMs overtime compensation.

7.      AMs typically earn approximately between $35,000 and $50,000 per year.

8.      AMs perform, as their primary duties, the same or similar non-exempt duties that hourly employees perform.

9.      AMs spend the majority of their shifts performing tasks such as greeting and waiting on customers, expediting and serving food, cooking and preparing food, clearing and setting tables, washing dishes, counting inventory, cleaning the restaurant, and performing general customer service.

10.      RMH should have classified AMs as non-exempt from the overtime provisions of the FLSA.

11.      Upon information and belief, RMH applied the same compensation and employment policies, practices, and procedures to all AMs nationwide.

2

12.     Plaintiffs bring this action to recover unpaid overtime compensation for themselves and similarly situated current and former AMs nationwide who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

13.     Plaintiff Ivery also brings this action to recover unpaid overtime compensation for herself and similarly situated current and former Illinois AMs as a Fed. R. of Civ. P. 23 class action under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* (collectively, the "Illinois Wage Laws").

## THE PARTIES

**Plaintiffs**

### Chamora Ivery

14.      Plaintiff Chamora Ivery ("Ivery") is an adult individual who resides in Chicago, Illinois.

15.     From in or around early 2013 to June 2014, RMH employed Ivery as an AM at an Applebee's location in Chicago, Illinois.

16.     As an AM, Ivery frequently performed the functions of an hourly employee.

17.     Ivery frequently worked more than 40 hours per week with an average of 50 to 60 hours per week.

18.     Pursuant to RMH's policy and pattern or practice, RMH did not pay Ivery overtime premium pay when she worked as an AM for its benefit in excess of 40 hours in a workweek.

19.     Ivery is a covered employee within the meaning of the FLSA.

20.     A written consent form for Ivery is attached as **Exhibit A**.

**Noah Siebenaller**

21.　Plaintiff Noah Siebenaller ("Siebenaller") is an adult individual who is a resident of Casper, Wyoming.

22.　From in or around November 2014 to August 2015, RMH employed Siebenaller as an AM at an Applebee's location in Evansville, Wyoming.

23.　As an AM, Siebenaller frequently performed the functions of an hourly employee.

24.　Siebenaller frequently worked more than 40 hours per week with an average of 55 to 70 hours per week.

25.　Pursuant to RMH's policy and pattern or practice, RMH did not pay Siebenaller overtime premium pay when he worked as an AM for its benefit in excess of 40 hours in a workweek.

26.　Siebenaller is a covered employee within the meaning of the FLSA.

27.　A written consent form for Siebenaller is attached as **Exhibit B**.

## Defendants

28.　Defendants do business under the brand, trade name or mark of "Applebee's."

29.　Defendants share the same management and executive offices.

30.　Defendants administer their human resources functions using the same personnel at their executive offices.

31.　Each Defendant employed or acted in the interest of an employer towards Plaintiffs and other similarly situated current and former AMs and, directly or indirectly, jointly and severally, including, without limitation, directly or indirectly controlling and directing the terms of employment and compensation of Plaintiffs and other similarly situated current and former AMs.  Upon information and belief, the Defendants operate in concert in a common

enterprise and through related activities, as here relevant, so that the actions of one may be imputed to the other and/or so that they operate as joint employers within the meaning of the FLSA.

32.     Each Defendant had the power to control the terms and conditions of employment of Plaintiffs and other similarly situated current and former AMs including, without limitation, those terms and conditions related to the claims alleged herein.

33.     Defendants jointly employed Plaintiffs and other similarly situated current and former AMs.

**RMH Franchise Corporation**

34.     RMH FC has owned and/or operated Applebee's restaurants during the relevant period, including locations in Illinois.

35.     RMH FC is a subsidiary of Defendant RMH FH.

36.     RMH FC is a covered employer within the meaning of the FLSA and, at all times relevant, employed Plaintiffs and similarly situated employees.

37.     At all times relevant, RMH FC maintained control and oversight over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

38.     RMH FC applies the same employment policies, practices, and procedures to AMs at all RMH restaurants, including policies, practices, and procedures with respect to the payment of overtime compensation.

39.     Upon information and belief, at all times relevant, RMH FC's annual gross volume of sales made or business done was not less than $500,000.00.

**RMH Illinois, LLC**

40.     Upon information and belief, RMH IL is a subsidiary of Defendant RMH FH and is a corporate entity which operates several Applebee's restaurants that RMH acquired from another Applebee's franchisee in or around 2013, including locations in Illinois.

41.     RMH IL has owned and/or operated RMH Applebee's restaurants during the relevant period.

42.     RMH IL is a covered employer within the meaning of the FLSA and, at all times relevant, employed Plaintiff Ivery and similarly situated employees.

43.     At all times relevant, RMH IL maintained control and oversight over Plaintiff Ivery and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

44.     RMH IL applies the same employment policies, practices, and procedures to AMs at all RMH restaurants, including policies, practices, and procedures with respect to the payment of overtime compensation.

45.     Upon information and belief, at all times relevant, RMH IL's annual gross volume of sales made or business done was not less than $500,000.00.

**RMH Franchise Holdings, Inc.**

46.     On information and belief, RMH FH is the parent corporation of Defendants RMH FC and RMH IL and has owned and/or operated RMH restaurants during the relevant period, including locations in Illinois.

47.     RMH FH is a covered employer within the meaning of the FLSA and, at all times relevant, employed Plaintiffs and similarly situated employees.

48.     At all times relevant, RMH FH maintained control and oversight over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

49.     RMH FH applies the same employment policies, practices, and procedures to AMs at all RMH restaurants, including policies, practices, and procedures with respect to the payment of overtime compensation.

50.     Upon information and belief, at all times relevant, RMH FH's annual gross volume of sales made or business done was not less than $500,000.00.

## JURISDICTION AND VENUE

51.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

52.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

53.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

54.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact a substantial amount of business in this District, own and/or operate restaurants in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## COLLECTIVE ACTION ALLEGATIONS

55.     Plaintiffs bring the First Cause of Action, an FLSA claim, on behalf of themselves and all similarly situated persons who have worked as AMs at RMH restaurants nationwide, who elect to opt-in to this action (the "FLSA Collective").

7

56.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and other similarly situated AMs.

57.     Consistent with Defendants' policy and pattern or practice, Plaintiffs and the members of the FLSA Collective were not paid overtime premium compensation when they worked more than 40 hours in a workweek.

58.     All of the work that Plaintiffs and the members of the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

59.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the members of the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

      a.     willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

      b.     willfully misclassifying Plaintiffs and the members of the FLSA collective as exempt from the protections of the FLSA; and

      c.     willfully failing to record all of the time that Plaintiffs and the members of the FLSA Collective have worked for the benefit of Defendants.

60.     Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the members of the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

61.     Plaintiffs and the members of the FLSA Collective perform or performed the same primary duties.

62.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

8

63.     There are many similarly situated current and former AMs who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

64.     Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

65.     Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## ILLINOIS CLASS ACTION ALLEGATIONS

66.     Plaintiff Ivery brings the Second Cause of Action, the Illinois Wage Law Claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons (the "Illinois Class") consisting of:

> All persons who have worked for Defendants as AMs at any Applebee's restaurant in the State of Illinois at any time since three years prior to the date of filing of this Class and Collective Action Complaint and the date of final judgment in this matter (the "Illinois Class Period").

67.     Excluded from the Illinois Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Illinois Class.

68.     The members of the Illinois Class identified above are so numerous that joinder of all members is impracticable.  Although Plaintiff Ivery does not know the precise number of such persons, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

69.     Upon information and belief, the size of the Illinois Class is at least 100 individuals.

9

70.     Defendants have acted or refused to act on grounds generally applicable to the Illinois Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Illinois Class as a whole.

71.     Common questions of law and fact exist as to the Illinois Class that predominate over any questions solely affecting individual members of the Illinois Class, including but not limited to:

a.      whether Defendants violated the Illinois Wage Laws;

b.      whether Defendants failed to compensate Plaintiff Ivery and the Illinois Class for hours worked in excess of 40 hours per workweek;

c.      whether Defendants misclassified Plaintiff Ivery and the Illinois Class as exempt from the overtime requirements of the Illinois Wage Laws;

d.      whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff Ivery and the Illinois Class;

e.      what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records; and

f.      the nature and extent of Illinois Class-wide injury and the appropriate measure of damages for the Illinois Class.

72.     The claims of Plaintiff Ivery are typical of the claims of the Illinois Class she seeks to represent.

73.     Plaintiff Ivery and the Illinois Class members work, or have worked, for Defendants as AMs and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per workweek.

74.     Plaintiff Ivery and the Illinois Class members enjoy the same statutory rights under the Illinois Wage Laws, including the right to be paid overtime wages for all overtime hours worked.  Plaintiff Ivery and the Illinois Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the Illinois Wage Laws.  Plaintiff

Ivery and the Illinois Class members have all been injured in that Defendants have under-compensated them due to Defendants' common policies, practices, and patterns of conduct.

75.     Plaintiff Ivery will fairly and adequately represent and protect the interests of the members of the Illinois Class. Plaintiff Ivery understands that, as a class representative, she assumes a fiduciary responsibility to the Illinois Class to represent its interests fairly and adequately. Plaintiff Ivery recognizes that, as a class representative, she must represent and consider the interests of the Illinois Class just as she would represent and consider her own interests. Plaintiff Ivery understands that, in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over those of the Illinois Class. Plaintiff Ivery recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Illinois Class. Plaintiff Ivery understands that in order to provide adequate representation, she must remain informed of developments in the litigation, cooperate with class counsel, and testify, if required, at a deposition and/or trial.

76.     Plaintiff Ivery retained counsel competent and experienced in complex class action employment litigation. There is no conflict between Plaintiff Ivery and the Illinois Class members.

77.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. Defendants have damaged the members of the Illinois Class and the Illinois Class is entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the damages individual members of the Illinois Class have suffered are not *de minimis*, such damages are small

compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

78.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

79.     Throughout their employment with Defendants, Plaintiffs and the members of the FLSA Collective and Illinois Class (collectively, "Class Members") regularly worked more than 40 hours per week.

80.     Plaintiffs' and Class Members' primary job duties are the same throughout RMH's restaurants.

81.     Defendants were aware that Plaintiffs and Class Members worked more than 40 hours per workweek, yet Defendants failed to pay them overtime compensation for hours worked over 40 in a workweek.

82.     Defendants did not keep accurate records of the hours Plaintiffs or Class Members worked.

83.     Defendants did not require Plaintiffs or Class Members to clock in or out, or otherwise record their time.

84.     Plaintiffs' and Class Members' primary duties were routine, non-exempt tasks including, but not limited to:

        a.      greeting and waiting on customers;

        b.      expediting food and serving customers;

        c.      preparing and cooking food;

12

      d.      clearing and setting tables;

      e.      washing dishes;

      f.      counting inventory;

      g.      cleaning the restaurant; and

      h.      performing general customer service.

85.     Plaintiffs and Class Members spent the majority of their time performing the same or similar tasks as hourly non-exempt employees.

86.     Plaintiffs' and Class Members' primary duties did not differ substantially from the duties of hourly non-exempt employees.

87.     Plaintiffs' and Class Members' primary job duties as AMs did not include:

      a.      hiring;

      b.      firing;

      c.      scheduling; or

      d.      disciplining other employees.

88.     Plaintiffs' and Class Members' primary duties were not directly related to Defendants' management or general business operations.

89.     Plaintiffs' and Class Members' primary duty did not include the exercise of discretion or independent judgment regarding matters of significance.

90.     In that regard, Plaintiffs and Class Members:

      a.      were not involved in planning Defendants' long or short term business objectives;

      b.      could not formulate, affect, implement or interpret Defendants' management policies or operating practices;

      c.      did not carry out major assignments that affected Defendants' business operations;

      d.     did not have authority to commit Defendants in matters that have significant financial impact; and

      e.     could not waive or deviate from Defendants' established policies or procedures without prior approval.

91.     Plaintiffs' and Class Members' primary duties were manual in nature.

92.     The performance of manual duties occupied the majority of Plaintiffs' and Class Members' working hours.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Unpaid Overtime Wages**
**(Brought on behalf of Plaintiffs and the members of the FLSA Collective)**

93.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

94.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

95.     At all relevant times, Plaintiffs and the FLSA Collective engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

96.     At all relevant times, Defendants employed Plaintiffs and the FLSA Collective.

97.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

98.     At all relevant times, Defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

99.     At all times relevant, Plaintiffs and the FLSA Collective were Defendants' employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

14

100.    Defendants have failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

101.    Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

102.    Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and the FLSA Collective.

103.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

104.    As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

105.    As a result of the unlawful acts of Defendants, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION**
**Illinois Wage Laws – Unpaid Overtime Wages**
**(Brought on behalf of Plaintiff Ivery and the members of the Illinois Class)**

106.    Plaintiff Ivery realleges and incorporates by reference all allegations in all preceding paragraphs.

107.    At all times relevant, Plaintiff Ivery and the members of the Illinois Class have been employees and Defendants have been employers within the meaning of the Illinois Wage

Laws. Plaintiff Ivery and the members of the Illinois Class are covered by the Illinois Wage Laws.

108.     Defendants employed Plaintiff Ivery and the members of the Illinois Class as employers and/or joint employers.

109.     Defendants failed to pay Plaintiff Ivery and the members of the Illinois Class wages to which they are entitled under the Illinois Wage Laws. Defendants failed to pay Plaintiff Ivery and the members of the Illinois Class for overtime at a wage rate of one and one-half times their regular rate of pay.

110.     Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Ivery and the Illinois Class members, recording only 40 hours of work per week rather than the actual number of hours worked.

111.     Due to Defendants' intentional and willful violations of the Illinois Wage Laws, Plaintiff Ivery and the members of the Illinois Class are entitled to recover from Defendants their unpaid wages (including overtime wages), reasonable attorneys' fees and costs of the action, pre-judgment interest, 2% interest per month interest in accordance with the Illinois Wage Laws, and such other relief as provided by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all others similarly situated, pray for the following relief:

A.     That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the FLSA Collective members. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

16

B.      Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Unpaid overtime pay, statutory penalties, and restitution pursuant to the Illinois Wage Laws;

D.      Pre-judgment interest and post-judgment interest as provided by federal law;

E.      Pre-judgment and post-judgment interest as provided by Illinois law, including interest on all unpaid wages at the statutory rate of 2% per month;

F.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices and/or a declaration that Defendants' acts violate the law;

G.      Certification of the Illinois Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

H.      Designation of Plaintiff Ivery as an Illinois Class Representative and Plaintiffs' counsel of record as class counsel;

I.      Reasonable incentive awards for the named Plaintiffs to compensate them for the time and effort they have spent and will spend protecting the interests of other AMs, and for the risks they took in doing so;

J.      Reasonable attorneys' fees and costs of the action; and

K.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: March 1, 2017

Respectfully submitted,

_/s/ Justin M. Swartz_____

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Melissa L. Stewart*
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000

Paul W. Mollica
161 N Clark Street, Suite 4700
Chicago, IL 60601
Telephone: (312) 809-7010

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz*
Alan Quiles*
1515 S. Federal Hwy
Boca Raton, Florida 33432
Telephone: (561) 447-8888

*Attorneys for Plaintiffs and the Putative Class and Collective*

*\*Pro hac vice* motion forthcoming

18