IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHAMORA IVERY, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 17 C 01619 |
| v. | ) ) | Judge John J. Tharp, Jr. |
| RMH FRANCHISE CORP., RMH ILLINOIS, LLC, and RMH FRANCHISE HOLDINGS, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**FINAL APPROVAL AND DISMISSAL ORDER**

This matter comes before the Court on the Parties' Joint Motion for Certification of the Rule 23 Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement, Plaintiff's Motion for Approval of Attorneys' Fees and Costs, and Plaintiff's Motion for Service Awards ("Final Approval Motions"). Having considered the papers submitted to the Court and proceedings to date, THE COURT FINDS AS FOLLOWS:

1. This Court has jurisdiction over the subject matter of this action, the Named Plaintiff, the Opt-In Plaintiffs, the Class Members, and Defendants;

2. The dissemination of the Notices Packets, as provided for in the Preliminary Approval Order, constituted the best practicable notice under the circumstances to all Eligible Members and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law;

3. One Opt-In Plaintiff objected to the Settlement;

4. No Class Members requested exclusion from the Settlement;

3

5. No Class Members objected to the Settlement;

6. The Court finds the Settlement is fair, reasonable, and adequate.

**THEREFORE, IT IS HEREBY ORDERED:**

A. Based on the Court's review of the Parties' Joint Motion for Certification of the Rule 23 Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement, the Court grants final approval of the $374,000 settlement memorialized in the Settlement Agreement (Dkt. 159, Exhibit 1). The Settlement Agreement is hereby included as Attachment A to this Order and the Court orders compliance with all of its terms. Capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

B. For settlement purposes, the Court certifies the Rule 23 Class defined in the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e).

C. The Rule 23 Class meets all of the requirements for class certification under Rule 23(a) and (b)(3).

D. Outten & Golden LLP and Shavitz Law Group, PC, which the Court previously appointed as Class Counsel, satisfy the adequacy requirements of Rule 23(a)(4).

E. The Named Plaintiff Chamora Ivery and class representative Zeriau Bethan satisfy Rule 23(a)(4) because they do not have "antagonistic or conflicting claims with other members of the class." *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291, 298 (N.D. Ill. 2007).

F. The Court approves the Fair Labor Standard Act settlement. The settlement is the product of contested litigation to resolve *bona fide* disputes.

G. The Settlement is fair, reasonable, and adequate to the Named Plaintiff, the Opt-In Plaintiffs, and to the Rule 23 Class Members, and in their best interests, and in full

compliance with all requirements of due process and federal law. The Settlement Agreement is finally approved in all respects and its terms and provisions shall be consummated.

       H.       The attorneys at Outten & Golden LLP and Shavitz Law Group, PC, who prosecuted this case, are experienced class action employment lawyers with good reputations among the employment law bar. The Court grants Plaintiff's Motion for Attorneys' Fees and Costs and awards Class Counsel $124,666.66 in attorneys' fees, which is one-third of the Settlement Amount, plus $41,715.21 in costs and expenses reasonably expended litigating and resolving the lawsuit. The fee award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, and the risk that Class Counsel undertook in bringing the claims. These amounts shall be paid from the Gross Settlement Fund.

       I.       The Court finds reasonable the service awards in the amount of $7,500 to Named Plaintiff Chamora Ivery and $3,000 to class representative Bethann Zeriau in recognition of the services they rendered on behalf of the class and collective. These amounts shall be paid from the Gross Settlement Fund.

       J.       The Court approves the Settlement Payments to be made to the Named Plaintiff, the Opt-In Plaintiffs, and the Class Members.

       K.       The Court approves any uncashed Settlement Payments to be either distributed pro rata to the Named Plaintiff, the Opt-In Plaintiffs, and the Class Members who cash their checks, or paid to the agreed-upon *cy pres* recipient, Legal Aid Chicago.

       L.       The Court approves the payment of settlement administration fees and costs to the Claims Administrator, JND Class Action Administration, in an amount not to exceed $19,500.00, in accordance with Settlement. Within seven calendar days after the Effective

3

Date, Defendants shall deliver to the Claims Administrator settlement monies as specified in the Settlement Agreement.

M. Within seven calendar days after receipt of the settlement monies from Defendants, the Claims Administrator shall mail all settlement checks to Potential Participating Members and Participating Members.

N. Within seven calendar days after receipt of the settlement monies from Defendants, the Claims Administrator shall (i) deliver to Class Counsel the checks to satisfy the Service Awards, and (ii) shall deliver to Class Counsel the payment of the attorneys' fees and litigation costs approved by the Court.

O. The Court hereby dismisses with prejudice this action, and all claims contained therein.

P. The Court retains jurisdiction over the interpretation, implementation, and enforcement of this Order, including all terms of the Settlement Agreement.

Dated this 29th day of October, 2019.

_____
John J. Tharp, Jr.
United States District Judge